UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD OTUNDO**                                                                          **CIVIL ACTION**

**VERSUS**                                                                                          **No. 13-4994**

**CINDY GOMEZ ET AL.**                                                                    **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] to remand plaintiff's naturalization application and to dismiss the above-captioned matter without prejudice filed on behalf of defendants, Cindy Gomez et al. Plaintiff, Richard Otundo, has filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

## Background

The allegations set forth in plaintiff's request for a hearing on his naturalization application are as follows. Plaintiff, who was born in Kenya, is a lawful permanent resident of the United States of America.[3] On July 26, 2010, plaintiff filed a United States Citizenship and Immigration Services ("USCIS") Form N-400, Application for Naturalization.[4] On December 20, 2010, plaintiff participated in a naturalization interview.[5] At the conclusion of the interview, plaintiff was notified that his application had been recommended for approval.[6] On June 26, 2013, plaintiff participated

---

[1] R. Doc. No. 16.
[2] R. Doc. No. 19.
[3] R. Doc. No. 1, at 5; R. Doc. No. 1-2, at 2.
[4] R. Doc. No. 1, at 5.
[5] *Id.*
[6] *Id.* The exhibit on which he relies for this assertion has only a small mark next to the "recommended for approval" option. A large X is marked next to the other option, which reads: "A

-1-

in another naturalization interview.[7] Although plaintiff provided all of the required evidence to permit his Form N-400 to be adjudicated, USCIS failed to adjudicate his petition within 120 days of his initial interview.

Defendants assert the following additional facts. Plaintiff's first interview occurred on October 5, 2010.[8] That interview resulted in the discovery that he was registered to vote, which requires an affirmative answer that the registrant is a U.S. citizen.[9] He also failed the history and civics portion of the exam.[10] USCIS requested that he provide evidence of his voting history at a later interview, which occurred on December 20, 2010.[11] Plaintiff passed the history and civics re-examination at that time and provided evidence that, while he had registered to vote, he had not voted in any election.[12] USCIS held his case in abeyance pending review of the voting issue.[13] Pursuant to that review, plaintiff was scheduled for a third interview on June 26, 2013.[14] USCIS was prepared to approve his application after that interview, but plaintiff filed a request for a hearing on his application for naturalization in district court one week later.[15]

According to defendants, "barring any unforeseen circumstances – such as any recent or previously undisclosed criminal activity or convictions that reflect adversely on Mr. Otundo's good

---

decision cannot yet be made about your application." R. Doc. No. 1-2, at 21. In any case, the Court finds that, even taking plaintiff's characterization of events as true, remand is appropriate.
[7] R. Doc. No. 1, at 6.
[8] R. Doc. No. 16-1, at 2.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

moral character – USCIS is still in a position to approve the N-400 and would expeditiously adjudicate the application were this Court to remand the matter."[16]

## Law and Analysis

When USCIS "does not grant or deny an application for naturalization 120 days after the required examination of the applicant, the applicant may ask a U.S. district court to adjudicate the application" pursuant to 8 U.S.C. § 1447(b). *Walji v. Gonzales*, 500 F.3d 432, 433 (5th Cir. 2007). 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.[17]

The parties' briefing addresses the conflicting authority as to whether an application for naturalization can be adjudicated by USCIS after a plaintiff has filed suit pursuant to § 1447(b)[18] or whether, instead, the district court's jurisdiction is exclusive and deprives the agency of the power to act.[19] But the resolution of this issue is not before the Court. After plaintiff filed this action, defendants did not take any action on his application for naturalization.[20] Accordingly the Court need

---

[16]*Id.* at 2-3.
[17]8 U.S.C. § 1446 addresses the investigation and examination of naturalization applicants. *See, e.g.*, 8 U.S.C. § 1446(b) ("The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization.").
[18]*See, e.g.*, R. Doc. No. 16-1, at
[19]*See, e.g.*, R. Doc. No. 19, at 7-16.
[20]R. Doc. No. 20.

only decide whether to "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

Plaintiff asserts that remand would violate Fifth Circuit precedent by delaying adjudication of his naturalization application.[21] Plaintiff also asserts, "Fifth Circuit precedent is well settled that district courts within the Fifth Circuit should not remand 8 U.S.C. § 1447(b) naturalization lawsuits back to the government unless FBI background investigations are still pending with USCIS . . . ."[22]

For both of these propositions, plaintiff relies on *Walji*, 500 F.3d 432. Plaintiff does not, however, quote the last sentence of that case: "Because Walji's interview has been conducted and his background check has now been completed, we are satisfied that the district court will remand to the Service where there should be no impediment to the prompt resolution of the application."[23] *Id.* at 439. Moreover, the district court cases on which plaintiff relies confirm the Court's statutory discretion to remand. *See, e.g.*, *Hua v. Holder*, No. 12-172, 2012 WL 5363976, at *2 (M.D. La. Oct. 30, 2012) ("[T]he Court finds that once an applicant files a Section 1447(b) petition after the 120 day period elapses, the district courts have jurisdiction to either determine the matter or remand the matter to the USCIS."). Considering the facts of this case and the arguments of the parties, the Court concludes that remand is appropriate.

The Court also notes that plaintiff's request for a hearing on his naturalization application includes a Fifth Amendment claim, in which he asserts that "[d]efendants' refusal to adjudicate Plaintiff's Form N-400 denies Plaintiff's right to Due Process."[24] While USCIS's motion requests

---

[21]R. Doc. No. 19, at 1.
[22]*Id.* at 4.
[23] Plaintiff has not cited any other Fifth Circuit cases to support these arguments.
[24]R. Doc. No. 1, at 9.

that the entire case be dismissed without prejudice,[25] plaintiff has failed to raise any argument that the Court should retain jurisdiction over the Fifth Amendment claim in the event of a remand of his § 1447(b) claim. Accordingly, USCIS's motion to dismiss without prejudice is unopposed relative to the Fifth Amendment claim.

## Conclusion

**IT IS ORDERED** that the motion to remand adjudication of plaintiff's Form N-400 to USCIS is **GRANTED**.

**IT IS FURTHER ORDERED** that USCIS shall determine the matter on or before **Tuesday, October 8, 2013**.

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, September 25, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[25]R. Doc. No. 16, at 1.